1  PHILIP M. MILLER (SBN 87877)
   KIMBERLY A. HANCOCK (SBN 205567)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   Telephone: (415) 882-7900
4  Facsimile:  (415) 882-9287
   pmiller@sjlawcorp.com
5  khancock@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
   AUTOMOTIVE INDUSTRIES PENSION              CASE NO.: CV 11-4538 LB
11 TRUST FUND, JAMES H. BENO, Trustee,
   BILL BRUNELLI, Trustee, STEPHEN J.
12 MACK, Trustee, CHRIS CHRISTOPHERSEN,        STIPULATION FOR ENTRY OF
   Trustee, DON CROSATTO, Trustee, MARK       JUDGMENT AND JUDGMENT
13 HOLLIBUSH, Trustee, JON ROSELLE,
   Trustee, DOUGLAS CORNFORD, Trustee,
14 and JAMES V. CANTERBURY, Trustee,

15          Plaintiffs,

16 vs.

17 BRIDGES TIRE AND WHEEL SERVICE,
   INC., a California corporation,
18
            Defendant.
19

20

21         IT IS HEREBY STIPULATED by and between the parties hereto, that the

22 Judgment shall be entered in the within action in favor of the Plaintiffs AUTOMOTIVE

23 INDUSTRIES PENSION TRUST FUND, et al. ("Plaintiffs" or "Pension Fund"), and against

24 Defendant BRIDGES TIRE AND WHEEL SERVICE, INC., a California corporation, and/or alter

25 egos and/or successor entities ("Defendant"), as follows:

26         1.   Defendant entered into a valid Collective Bargaining Agreement (hereinafter

27 "Bargaining Agreement") with the International Association of Machinists & Aerospace Workers,

28

1 District No. 190, Local 1414, Peninsula Auto Machinists (hereinafter "Union"). The Bargaining Agreement with Union continues in full force and effect to the present time.

2. Defendant Bridges Tire and Wheel Service, Inc. through its Owner/CEO/President Timothy Bridges, acknowledges receipt of the following documents in this action:

    a) Complaint
    b) Summons
    c) Order Setting Initial Case Management Conference and ADR Deadlines
    d) Standing Order for U.S. Magistrate Judge Laurel Beeler
    e) Standing Order for All Judges of the Northern District of California; Contents of Joint Case Management Conference Statement
    f) ECF Registration Information
    g) Welcome to the Oakland Division of the U.S. District Court
    h) Notice of Assignment of Case to a U.S. Magistrate Judge for Trial; Forms: Consent to Proceed Before a U.S. Magistrate Judge; Declination to Proceed Before a U.S. Magistrate Judge and Request for Reassignment to a U.S. District Judge
    i) Instructions for Completion of ADR Forms Regarding Selection of an ADR Process (ADR Local Rule 3-5); Stipulation and Proposed Order Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel
    j) ADR – Dispute Resolution Handbook
    k) Pamphlet: Consenting to a Magistrate Judge's Jurisdiction in the Northern District of California

3. In accordance with the provisions of Title 28, U.S.C. Section 636(c), Defendant hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment.

4. Defendant has become indebted to the Pension Fund as follows:

| Audit (10/1/02 – 5/31/08) | | | |
|---|---|---|---|
| Pension | Contributions | $31,405.00 | |
| | 20% Liquidated Damages | 6,281.00 | |
| | Interest through 9/30/11 | 16,112.19 | |
| | Audit testing fee | 2,761.45 | |
| *Pension Subtotal* | | | $56,559.64 |
| *Attorney's Fees and Costs* | | | $4,585.50 |
| **TOTAL** | | | **$61,145.14** |

1      5. Defendant shall *conditionally* pay the amount of $31,405.00 representing the principal amount due for pension *plus* 10% interest on the declining balance *plus* $16,112.19 interest through 9/30/2011 *plus* $2,761.45 for the testing fee, in 59 monthly installment payments as described in this paragraph 3. *This waiver is* expressly *conditioned upon timely compliance with all of the terms of this Stipulation,* as follows:

      (i) Beginning on October 1, 2011, and on or before the 1st day of each month thereafter, for a period of 30 months, through March 1, 2014, Defendant shall pay to Plaintiffs the amount of **$500.00** per month.

      (ii) Beginning on April 1, 2014, and on or before the 1st day of each month thereafter, for a period of 28 months, through July 1, 2016, Defendant shall pay to Plaintiffs the amount of **$1,500.00** per month.

      (iii) On August 1, 2016, Defendant shall pay to Plaintiffs a final payment in the amount of **$1,439.43**.

      (iv) Payments shall be applied first to unpaid interest, then to attorney's fees and costs and then to unpaid principal. Any delinquent payment shall bear interest from at the rate of 10% per annum.

      (v) Plaintiffs shall assess no pre-payment penalty against Defendant for payment of the principal amount due ($31,205) plus all interest accrued at 10% per annum until date of payment, *plus* testing fee ($2,761.45). The Pension Fund by and through its attorney, Kimberly Hancock of Saltzman & Johnson Law Corporation, within 10 days of Defendant's written request, shall issue to Defendant a pay-off statement for satisfaction of this judgment.

      (vi) Checks shall be made payable to the **Automotive Industries Pension Fund**, and delivered on or before each due date to Kimberly Hancock at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs.

      6. In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written

1  demand to Defendant to cure said default *within seven (7) days of the date of the notice from*
2  *Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement
3  *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day
4  cure period. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments,
5  *all such future payments shall be made by cashier's check.* In the event default is not cured, all
6  amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

7  7.  Failure to comply with any of the above terms shall constitute a default of the
8  obligations under this Agreement and the provisions of ¶8 shall apply. Plaintiffs reserve all rights
9  available under the applicable Bargaining Agreement and Declarations of Trust of the Pension
10 Fund for collection of current and future contributions, and for any additional past contributions
11 not included herein as may be determined by Plaintiffs, pursuant to employee timecards or
12 paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.
13 Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional
14 amounts determined as due.

15 8.  In the event that Defendant fails to make any payment required under ¶ 5 above,
16 then:

17    (a)  The entire amount of **$61,145.14**, plus interest, reduced by principal
18 payments received by Plaintiffs shall be immediately due, together with any additional attorneys'
19 fees and costs incurred during the term of this Stipulation.

20    (b)  Defendant waives any and all defenses to the claims of Plaintiffs for
21 delinquent contributions, liquidated damages, interest and reasonable attorney's fees and costs.

22    (c)  A Writ of Execution may be obtained against Defendant without further
23 notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein,
24 upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment
25 theretofore made by or on behalf of Defendant and the balance due and owing as of the date of
26 default.

27    (d)  Defendant waives any notice of Entry of Judgment or of any Request for a
28 Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal.

1 | The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant.

(e) Defendant shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation, whether or not a default occurs herein.

9. Any failure on the part of the Plaintiffs to take any action against Defendant as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant of any provisions herein.

10. In the event of the filing of a bankruptcy petition by the Defendant, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant as a preference under 11 U.S.C. Section 547 or otherwise. Defendant nevertheless represents that no bankruptcy filing is anticipated.

11. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

12. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

13. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

- 5 -   STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT
CASE NO.:  CV 11-4538 LB

14. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

15. Defendant represents and warrants that it has been represented by counsel of his own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that it has read this Agreement with care and is fully aware of and represent that it enters into this Stipulation voluntarily and without duress.

16. Provided the sums due under this Stipulation have been timely paid in full as provided in paragraph 5 herein, Plaintiffs hereby forever release and discharge all claims against Defendant based upon or arising out of the October 1, 2002 through May 31, 2008 audit for delinquent contributions, interest, attorneys' fees, auditors' fees, costs, and liquidated damages made in this action and all demands relating thereto (the "Released Matters".)

17. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Date: 9-15-11, 2011        BRIDGES TIRE AND WHEEL SERVICE, INC.

By: _____
Timothy Bridges, Owner and CEO

Dated: 9-21-, 2011         SALTZMAN & JOHNSON LAW CORPORATION

By: _____
Kimberly A. Hancock, Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: Oct. 7, 2011

_____
Laurel Beeler
United States Magistrate Judge

- 6 -   STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT
CASE NO.: CV 11-4538 LB